(860 P.2d 67)

No. 69,099

STATE OF KANSAS, *Appellee*, v. WALTER A. WILLEY, *Appellant*.

Petition for review denied 254 Kan. ____ (December 28, 1993).

Opinion filed October 1, 1993.

*Steven D. Rosel,* of Topeka, for appellant.

*Jo Ann Van Meter,* assistant district attorney, *Joan M. Hamilton,* district attorney, and *Robert T. Stephan,* attorney general, for appellee.

Before LARSON, P.J., ELLIOTT and PIERRON, JJ.

ELLIOTT, J.: Walter A. Willey appeals his conviction of one count of battery, contending the admission of hearsay evidence violated his right to confrontation.

We reverse and remand.

The victim of the battery, defendant's spouse, Vivian, did not testify at trial. The State was unable to serve her with a subpoena.

The sole prosecution witness was Officer Rocky Broaddus, who responded to the victim's call for help. The officer testified the victim was upset and crying, described her physical condition, and testified the victim told him defendant had hit her several times. The evidence was admitted as a contemporaneous statement pursuant to K.S.A. 1992 Supp. 60-460(d)(2).

In admitting the testimony over defendant's objection, the trial court relied on *White v. Illinois,* 502 U.S. ____, 116 L. Ed. 2d 848, 112 S. Ct. 736 (1992), stating that the prosecution need not establish unavailability; rather, the test is the reliability of the proffered hearsay. If reliable, the Confrontation Clause would be satisfied.

We recognize the United States Supreme Court in *White,* as a matter of federal constitutional law, held that in order to admit into evidence an excited utterance or spontaneous declaration,

the prosecution need not establish the unavailability of the declarant. We note, too, the declarant in *White* was a 4-year-old child.

But two days after *White* was decided, our Supreme Court decided *State v. Bratt*, 250 Kan. 264, 824 P.2d 983 (1992). In *Bratt*, Justice Lockett, speaking for a unanimous court, applied *both* the Sixth Amendment *and* § 10 of the Kansas Constitution Bill of Rights. 250 Kan. at 268.

The *Bratt* court held the Confrontation Clause requires the prosecution first to either produce the declarant or demonstrate the unavailability of the declarant whose statement it wishes to use against the defendant. Once unavailability is shown, the hearsay statement becomes admissible only if it bears adequate indications of reliability. Reliability can be inferred if the evidence falls within a firmly rooted hearsay exception. 250 Kan. at 270.

We must conclude our Supreme Court in *Bratt* held that as a matter of *state* constitutional law, the unavailability of the declarant must be shown before the declarant's hearsay statement may be considered for admission.

In the present case, the trial court did not require that threshold demonstration of unavailability.

Reversed and remanded for a new trial.